McBREEN & KOPKO
Kenneth A. Reynolds, Esq. (KR3808)
Attorneys for Debtor and
Debtor-in-Possession
500 N. Broadway, Suite 129
Jericho, New York 11753
Tel: (516) 364-1095
Fax: (516) 364-0612
11-3540090

**Presentment Date:** Aug. 26, 2009 at 2:00 p.m.
**Objection Date:** August 21, 2009

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                                    Chapter 11

Westhampton Classic Cars d/b/a Manhattan                    Case No.: 09-73009-ast
Motorcars of the Hamptons,

                              Debtor.

-------------------------------------------------------------X

### NOTICE OF PRESENTMENT OF STIPULATION AND ORDER RESOLVING MOTION OF WESTHAMPTON BEACH HOLDING, LLC TO VACATE THE AUTOMATIC STAY AND TO COMPEL PAYMENT OF POST-PETITION RENT

**PLEASE TAKE NOTICE**, that pursuant to Rules 2002 and 9019 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") of the Bankruptcy Reform Act or 1978, as

amended (the "Bankruptcy Code"), Westhampton Classic Cars d/b/a Manhattan Motorcars of the

Hamptons, (the "Debtor"), by and through their attorneys, McBreen & Kopko, will present the

annexed Stipulation and Order resolving the Motion of Westhampton Beach Holding LLC to

Vacate the Automatic Stay and to Compel payment of Post-Petition Rent for signature to the

Honorable Alan S. Trust, in his Chambers, United States Bankruptcy Court, Long Island Federal

Courthouse, 290 Federal Plaza, Room 960, Central Islip, New York 11722 on AUGUST 26,

1

2009 at 2:00 p.m. (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE**, that, objections, if any, to the application and/or Order must be made in writing, shall state with particularity the reasons for the objection and shall be filed with the Clerk, with a copy delivered to Judge Trust's Chambers, and served on the undersigned, on the attorney for the movant, and the Office of the United States Trustee so as to be received no later than August 21, 2009.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Order must be made in writing and filed with the Court (a)(i) through the Court's electronic filing system and in accordance with the Administrative Order of the United States Bankruptcy Court for the Eastern District of New York, dated June 4, 2003, accessible at www.nyeb.uscourts.gov, using Netscape Navigator software version 3.0 or higher; and (ii) in portable document format (PDF) using Adobe Exchange for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if the party is unable to file electronically or use PDF format, such party shall submit the response on a diskette either in Word, WordPerfect or DOS text (ASCII) format. A response filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.

**PLEASE TAKE FURTHER NOTICE**, that unless timely objections are filed, an order may be signed without a hearing.

**PLEASE BE ADVISED** that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of

such a hearing will be provided by the Movant.

Dated: Jericho, New York
      August 6, 2009               McBREEN & KOPKO

                      By:    s/Kenneth A. Reynolds
                            Kenneth A. Reynolds
                            Attorneys for Debtors
                            500 North Broadway, Suite 129
                            Jericho, New York 11753
                            Tel.: (516) 364-1095
                            Fax: (516) 364-0612
                            E-mail: KReynolds@mklawnyc.com

TO:    Alfred M. Dimino, Esq.
        Office of the United States Trustee
        560 Federal Plaza
        Central Islip, New York 11722

        Jerry A. Montag, Esq.
        Seyfarth Shaw, LLP
        Attorneys for Westhampton Beach Holding, LLC
        620 8th Avenue
        New York, New York 10018

        Peter Corey, Esq.
        Macco & Stern, LLP
        135 Pinelawn Road
        Suite 120 South
        Melville, NY  11747

Attorneys for Debtor and
Debtor-in-Possession
500 N. Broadway, Suite 129
Jericho, New York 11753
Tel: (516) 364-1095
Fax: (516) 364-0612
11-3540090

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                         Chapter 11

Westhampton Classic Cars d/b/a Manhattan          Case No.: 09-73009-ast
Motorcars of the Hamptons,

                                        Debtor.
-------------------------------------------------------------X

### APPLICATION PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTY PROCEDURE FOR APPROVAL OF STIPULATION RESOLVING MOTION TO VACATE STAY AND TO COMPEL POST-PETITION RENT

Westhampton Classic Cars d/b/a Manhattan Motorcars of the Hamptons, the

Debtor in the above captioned case (the "Debtor") by and through its attorneys, McBreen

& Kopko, as and for their application (the "Application") in support of the pre-fixed

Notice of Presentment seeking approval of the annexed Stipulation and Order (the

"Proposed Settlement"), by and between the Debtors and Westhampton Beach Holding,

LLC ("Landlord") resolving Landlord's Motion to Vacate the Automatics Stay and to

Compel Post-petition Rent , respectfully represents as follows:

### BACKGROUND

1.      On April 29, 2009 (the "Filing Date"), the Debtor filed a voluntary

petition (the "Petition"), for relief under Chapter 11 of the Bankruptcy Code, in the

United States Bankruptcy Court for the Eastern District of New York, Central Islip Division.

2.    The first meeting of Creditors was scheduled for and took place on June 5, 2009.

3.    On June 23, 2009, the Court entered an Order granting the Debtor's application to employ McBreen & Kopko nunc pro tunc to April 29, 2009.

4.    The Debtor has continued in possession of its properties and the management of its businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.    An Official Committee of Unsecured Creditors has been appointed in this case.

6.    This Application is submitted, pursuant to Federal Rules of Bankruptcy Procedure 9019(a) and Section 105 of the Bankruptcy Code in support of the annexed pre-fixed proposed Stipulation and Order resolving Creditor's Motion to Vacate the Automatic Stay and to Compel Post-petition Rent.

7.    On or about May 27, 2009, Westhampton Beach Holding, LLC, the landlord "Landlord") of the subject premises located at 112 Old Riverhead Road, Westhampton Beach, New York (the " Premises") by its attorneys Seyfarth Shaw LLP, filed a Motion to Vacate the Automatic Stay and to Compel Payment of Post-Petition Rent (the "Motion") pursuant to Bankruptcy Code Section 362(d)(1) and 365(d)(3), respectively.

8.    On or about June 19, 2009, Debtor filed a Statement In Opposition to the

Motion on the basis that Creditor's application should've been denied as the so-called "Lease" agreement was not a true lease, but rather was a disguised mortgage and/or joint venture agreement, thereby making inapplicable Bankruptcy Code Section 365(d)(3) relied upon by WBH as its basis for establishing cause under Bankruptcy Code Section 362(d) for relief from the automatic stay.

9.   Subsequent thereto, the parties ultimately reached the terms of the proposed settlement which would result in a resolution of Creditor's application in order that Creditor receives use and occupancy of the premises while Debtor continues to use the premises as is necessary for the reorganization of its business.

10.   The principle terms of the proposed settlement are as follows[1]:

- Debtor acknowledges that it is in arrears in its payment of post-petition use and occupancy charges due to Landlord.  Landlord asserts that the post-petition use and occupancy charges exclusive of additional rent charges total the sum of $139,668.00 from May 1, 2009 through July 31, 2009 (the "Arrears").  Landlord further asserts, which assertion is disputed by the Debtor, that use and occupancy will continue to accrue at the rate of $46,556.00 per month exclusive of additional rent charges.

- The Debtor agrees to pay and Landlord agrees to accept as payment in full of post-petition rent, exclusive of additional rent charges, the following post- petition payments:  on or before August 1, 2009, $35,000; on or before September 1, 2009, $35,000; on or before October 1, 2009, $40,000

---

[1] The summary provided herein is not meant to include all pertinent terms and conditions of the proposed settlement agreement which has been annexed hereto as Exhibit "A". For a complete recitation of all pertinent terms and conditions interested parties are referred to the settlement agreement annexed hereto as Exhibit "A'.

and on or before October 31, 2009, $40,000 (the "Balloon Payment"),

<u>TIME BEING OF THE ESSENCE</u>.  In the event of a material default in the terms hereof by the Debtor, and a failure to cure within (1) one business day of notice of default to the Debtor's undersigned counsel by e-mail, the full base rent amounts alleged by Landlord to be 46,556.00 per month shall be reinstated and shall become immediately due and payable. Additionally Landlord shall be free to exercise its rights under paragraph 5 below.

- Payment of the Balloon Payment shall be guaranteed jointly and severally by Rubio personally and by Debtor's subtenant Tuscan Sun Ristorante, Inc. d/b/a Annona ("Subtenant"), a non-debtor entity, pursuant to the terms of the Guaranty Agreement executed by Rubio (the "Guaranty"). Further, the Guaranty of Subtenant shall be secured by a lien against all of its assets pursuant to the terms of the annexed UCC-1 financing statement.

- On or before October 31, 2009, the Debtor will cause the following to occur:

  - Payment of $1.3 million to Landlord's principal Sam Domb in exchange for 100% interest in the Landlord, Westhampton Beach Holding LLC

  - Assumption of HSBC Mortgages by the Debtor, Rubio and/or third parties,

  - Release of Sam Domb from personal guarantees (as defined below) issued to HSBC Bank in connection with the HSBC Mortgages, and

  - Release of all claims related to Landlord's acquisition and/or ownership of the Premises held by the Debtor, Rubio and/or any affiliate or related entity or person and their respective successors and assigns against Sam Domb, Landlord, and their agents.

- In the event that the Debtor fails to timely comply with any of the conditions set forth in paragraphs 2 and 4 above, the automatic stay, pursuant to Section 362 of the Bankruptcy Code, shall be immediately vacated, terminated and annulled. Within three (3) business days thereof, Debtor shall voluntarily vacate and surrender possession of the Premises to Landlord free and clear of the occupancy of Debtor, Subtenant and/or any other party in possession of the Premises. Upon such surrender, Debtor is surrendering any and all right, interest and title in the subject lease, and waiving any right to reclaim and/or redeem possession of the Premises after such vacatur. Landlord shall not be required to prosecute any proceeding or contested matter in this Court or any other court to obtain possession of the Premises. Landlord shall be free to seek immediate relief in this Court to obtain vacant possession of the Premises.

11. It is respectfully submitted that this settlement is in the best interest of the Debtors' estate and its creditors as (1) it will avoid unnecessary litigation and (2) Debtor's use of the subject premises is necessary for the successful of Debtor's business.

## BASIS FOR RELIEF REQUESTED

12. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee and after notice and hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the Debtor, and indenture Trustees as provided in Rule 2002 and to any other entity as the court may direct.

13.     In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is fair and equitable based on an:

> [educated estimate of the complexity, expense and likely duration of litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 939 (1968). Accord, American Can Co. v. Herpel (In re Jackson Brewing Co.), 624 F.2d, 605, 607 (5th Cir. 1980); Chopin Assoc. v. Smith (In re Holywell Corp.), 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988); In re Arrow Air, Inc., 85 B.R. 886, 891 (Bankr. S.D. Fla. 1998); In re Bell & Beckwith, 77 B.R. 606, 611 (Bankr. N.D. Ohio), aff'd, 87 B.R. 472 (N.D. Ohio 1987). See also, Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.), 67 B.R. 378, 383 (C.D. Ill. 1996) ("the law favors compromise").

14.     In reviewing the Proposed Settlement, the Court should consider whether the proposed compromise is in the "best interest of the estate". Depo v. Chase Lincoln First Bank, N.A. (In re Depo), 77 B.R. 381, 383 (N.D.N.Y 1997) ("Depo"), aff'd, 863 F.2d, 45 (2nd Cir. 1998). Moreover, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion". Arrow Air, Inc., supra, 85 B.R. at 891. However, the Bankruptcy Court "does not substitute its judgment for that of the Trustee". Depo, supra, 77 B.R. at 384.

15.     It is not the provence of the Bankruptcy Court "to decide the numerous questions of law and fact raised by [any objections] but rather to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." See Osoff v. Rodman, 699 F.2d 599, 608 (2nd Cir)., cert. denied, 465 U.S. 822 (1983), quoting Newman v. Stein, 464 F.2d 689, 693 (2nd Cir.), cert. denied, 409 U.S. 1039 (1972). Chopin Assoc. vs. Smith, *supra*, 93 B.R. at 294 ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'", quoting In re Teltronics Services, Inc., 762 F.2d. 185, 189 (2nd Cir. 1985). Furthermore, in passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee…the parties and their counsel." In re Bell & Beckwith, *supra*, 77 B.R. at 611.

16.     The factors to be considered by the Court in determining whether to approve a settlement include:

> (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;
>
> (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and
>
> (3) all factors bearing on the wisdom of the compromise.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, *supra*, 390 U.S. at 425.

17.     The Debtors submit that a settlement of this matter, as set forth in the annexed Proposed Settlement, is fair and reasonable and in the best interest of the

Debtors' bankruptcy estate and their creditors. The proposed settlement satisfies each of the foregoing criteria and no better result could be achieved at trial or otherwise.

18.     No prior request for the relief sought herein has been made to this or any other Court.

19.     This motion presents no novel or complex legal issues and the Debtors request that the Court waive the requirements of E.D.N.Y LBR 9013-1(b) to submit a separate memorandum of law.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order approving the Stipulation annexed hereto, and granting such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
        August 6, 2009

                                    McBREEN & KOPKO
                                    Attorneys for Debtors


                        By:     */s/ Kenneth A. Reynolds*
                                Kenneth A. Reynolds, Esq. (KR3808)
                                A Member of the Firm
                                500 North Broadway, Suite 129
                                Jericho, New York 11753
                                (516) 364-1095

**EXHIBIT A**

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
(212) 218-5526 (Facsimile)
Robert W. Dremluk (RD 3109)
Jerry A. Montag (JM 6099)

*Attorneys for Westhampton Beach Holding, LLC.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| In re: | ) Case No. 8-09-73009 (AST)<br>) Chapter 11<br>) |
| WESTHAMPTON CLASSIC CARS, LLC,<br><br>Debtor. | ) **STIPULATION AND ORDER RESOLVING**<br>) **MOTION OF WESTHAMPTON BEACH**<br>) **HOLDING, LLC TO VACATE THE**<br>) **AUTOMATIC STAY AND TO COMPEL**<br>) **PAYMENT OF POST-PETITION RENT** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WHEREAS, on or about May 27, 2009, Westhampton Beach Holding, LLC, the landlord

"Landlord") of the subject premises located at 112 Old Riverhead Road, Westhampton Beach,

New York (the " Premises") filed a Motion to Vacate the Automatic Stay and to Compel

Payment of Post-Petition Rent (the "Motion"); and

WHEREAS, on or about June 19, 2009, Westhampton Classic Cars, debtor and

debtor-in-possession (the "Debtor") filed a Statement In Opposition to the Motion; and

WHEREAS, the Debtor has defaulted in the payment of post-petition use and occupancy

charges due to Landlord; and

WHEREAS, the parties wish to avoid the cost and expense of litigation in the Bankruptcy

Court and in the District Court, and on July 29, 2009, the parties and counsel conferred and

agreed to resolve the Motion pursuant to the following terms and conditions:

1.     Debtor acknowledges that it is in arrears in its payment of post-petition use and occupancy charges due to Landlord.  Landlord asserts that the post-petition use and occupancy charges exclusive of additional rent charges total the sum of $139,668.00 from May 1, 2009 through July 31, 2009 (the "Arrears").  Landlord further asserts, which assertion is disputed by the Debtor, that use and occupancy will continue to accrue at the rate of $46,556.00 per month exclusive of additional rent charges.

2.     The Debtor agrees to pay and Landlord agrees to accept as payment in full of post-petition rent, exclusive of additional rent charges, the following post- petition payments:  on or before August 1, 2009, $35,000; on or before September 1, 2009, $35,000; on or before October 1, 2009, $40,000 and on or before October 31, 2009, $40,000 (the "Balloon Payment"), TIME BEING OF THE ESSENCE.  In the event of a material default in the terms hereof by the Debtor, and a failure to cure within (1) one business day of notice of default to the Debtor's undersigned counsel by e-mail, the full base rent amounts alleged by Landlord to be 46,556.00 per month shall be reinstated and shall become immediately due and payable.  Additionally Landlord shall be free to exercise its rights under paragraph 5 below.

3.     Payment of the Balloon Payment shall be guaranteed jointly and severally by Rubio personally and by Debtor's subtenant Tuscan Sun Ristorante, Inc. d/b/a Annona ("Subtenant"), a non-debtor entity, pursuant to the terms of the Guaranty Agreement executed by Rubio (the "Guaranty") (see Exhibit A hereto).  Further, the Guaranty of Subtenant shall be secured by a lien against all of its assets pursuant to the terms of the annexed UCC-1 financing statement (see Exhibit B hereto).

4.     On or before October 31, 2009, the Debtor will cause the following to occur:

    (a)     Payment of $1.3 million to Landlord's principal Sam Domb in exchange for 100% interest in the Landlord, Westhampton Beach Holding LLC

(b)     Assumption of HSBC Mortgages as defined below[1] by the Debtor, Rubio and/or third parties,

(c)     Release of Sam Domb from personal guarantees (as defined below) issued to HSBC Bank in connection with the HSBC Mortgages, and

(d)     Release of all claims related to Landlord's acquisition and/or ownership of the Premises held by the Debtor, Rubio and/or any affiliate or related entity or person and their respective successors and assigns against Sam Domb, Landlord, and their agents.

5.     In the event that the Debtor fails to timely comply with any of the conditions set forth in paragraphs 2 and 4 above, the automatic stay, pursuant to Section 362 of the Bankruptcy Code, shall be immediately vacated, terminated and annulled.  Within three (3) business days thereof, Debtor shall voluntarily vacate and surrender possession of the Premises to Landlord free and clear of the occupancy of Debtor, Subtenant and/or any other party in possession of the Premises.  Upon such surrender, Debtor is surrendering any and all right, interest and title in the subject lease, and waiving any right to reclaim and/or redeem possession of the Premises after such vacatur.  Landlord shall not be required to prosecute any proceeding or contested matter in this Court or any other court to obtain possession of the Premises.  Landlord shall be free to seek immediate relief in this Court to obtain vacant possession of the Premises.

6.     The terms "vacate and surrender" shall be defined as:  (a) surrendering the keys to the Premises to Landlord; (b) removing all property which is not a fixture or permanently affixed to the Premises; and (c) leaving the Premises in broom clean condition.

---

[1] The HSBC Mortgages consist of (i) Consolidation, Modification and Extension Agreement, dated March 8, 2005, by and between Landlord as mortgagor and HSBC Bank as mortgagee as evidenced by the Gap Mortgage Note in the sum of $3,500.000, dated March 8, 2005, by and between Landlord as mortgagor and HSBC Bank as mortgagee and guaranteed by Sam Domb pursuant to a Guarantee, dated March 8, 2005, executed by Sam Domb in favor of HSBC; (ii) Mortgage, dated July 19, 2005, by and between Landlord as mortgagor and HSBC Bank as mortgagee in the sum of $1,000,000, guaranteed by Sam Domb pursuant to a Guarantee, dated July 19, 2005, executed by Sam Domb in favor of HSBC Bank; and (iii) Consolidation, Modification and Extension Agreement, dated December 19, 2005 in the approximate sum of $1,503,000, by and between Landlord as mortgagor and HSBC Bank as mortgagee.

7.     Any property of Debtor or its estate remaining on the Premises following Debtor's surrender of possession of same to Landlord and/or Landlord's lawful recovery of possession of same, is deemed abandoned by Debtor, and may be disposed of at Landlord's discretion and at Debtor's sole cost and expense, without notice.

8.     In the event that Debtor defaults under the Stipulation, Landlord is hereby (i) authorized to exercise its remedies under the Guaranty, and (ii) empowered to sell, on the Subtenant's behalf, all property covered by the UCC-1 lien, to a bona fide purchaser, which may include Landlord or any other creditor, pursuant to the applicable provisions of the Bankruptcy Code and Rules; and in connection with such sale, Landlord is authorized to (a) retain the services of an auctioneer, (b) advertise the proposed sale, before the scheduled Auction date, and (c) to sell said property, free and clear of any and all claims, liens, encumbrances and security interests with respect thereto, all such claims, liens, encumbrances and security interests to attach to the net proceeds of sale.

9.     Upon closing of such sale, Landlord shall first pay and satisfy the commissions and expenses of any auctioneer retained in accordance herewith and the cost of the sale; and second, pay and satisfy all actual sums due to Landlord under the terms of the Lease as approved by the Bankruptcy Court.

10.     This Stipulation/Order is without prejudice in the event of a default by the Debtor of the terms hereof to Landlord's right to file a claim in the within proceeding, pursuant to law, for an amount including, but not limited to, the Arrears, and in all respects without prejudice to Landlord's claim for pre-petition charges and additional rent charges due under the Lease.

4

11.     All payments made by Debtor pursuant to this Stipulation/Order shall be by certified, bank check or money order, made payable to Landlord, and delivered or sent so as to be received by the due date.

12.     Counsel for Debtor and counsel for Landlord acknowledge and represent that each are authorized by their respective clients to execute this Stipulation.

13.     This Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their successors, assigns, transferees and heirs.

14.     This Stipulation constitutes the complete agreement of the parties and shall not be amended or modified except in a writing signed by the party to be charged and approved by the Bankruptcy Court.

15.     The Bankruptcy Court shall have continuing jurisdiction to enforce this Stipulation and to determine any disputes arising hereunder or related hereto, and all parties consent to such jurisdiction.

16.     This Stipulation is subject to approval by this Court.


Dated: New York, New York
August __, 2009

                        SEYFARTH SHAW LLP

                        By:  s/     Robert R. Dremluk
                                Robert W. Dremluk, Esq.
                        620 Eighth Avenue
                        New York, New York 10018
                        (212) 218-5500

                        *Attorneys for Westhampton Beach Holding, LLC*

NY1 26581401.1 / 65130-000012

McBREEN & KOPKO

By: s/ Kenneth A. Reynolds
      Kenneth A. Reynolds, Esq.
500 North Broadway
Suite 129
Jericho, New York 11783
(516) 364-1095

*Attorneys for the Debtor*


MACCO & STERN, LLP

By: s/ Peter Corey, Esq.
      Peter Corey, Esq.
135 Pinelawn Road
Suite 120 South
Melville, New York 11747
(631) 479-2869

*Attorneys for Richard Rubio*



So Ordered this _____ day of

_____, 2009



_____
Hon. Alan S. Trust.
Chief Judge, United States Bankruptcy Court
Eastern District of New York

NY1 26581401.1 / 65130-000012

**EXHIBIT A**

# **GUARANTY**

This Guaranty dated the __ day of August, 2009 made by Richard Rubio, an individual whose address is _____ ("Rubio") and Tuscan Sun Ristorante, Inc., d/b/a/ Annona with an address at 112 Old Riverroad, Westhampton Beach, New York ("Annona", Rubio and Annona collectively and each individually, a "Guarantor"), jointly and severally, for the benefit of Westhampton Beach Holding LLC, a New York limited liability company having an address c/o Sam Domb, Travel Inn Hotel, 515 West 42nd Street, New York, NY 10036 (hereinafter referred to as "Landlord").

WHEREAS, Landlord is the owner of the premises located at 112 Old Riverroad, Westhampton Beach, New York (the " Premises");

WHEREAS, Westhampton Classic Cars ("Debtor") defaulted in the payment of certain charges due to Landlord;

WHEREAS, Rubio, as the principal and sole member of Debtor and Annona, and Annona as the sub-tenant of Debtor, each have a financial interest in the payment of Debtor's obligations; and

WHEREAS, Landlord has agreed to enter into a Stipulation and Order Resolving Motion of Westhampton Beach Holding, LLC to Vacate the Automatic Stay and to Compel Payment of Post-Petition Rent (the "Stipulation") relating to, among other things, the payment by Debtor of certain sums due to Landlord, upon the condition that the undersigned executes and delivers this Guaranty.

NOW, THEREFORE, in consideration of ten Dollars ($10.00) and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and in order to induce Landlord to enter into the Stipulation, the undersigned hereby absolutely, unconditionally and irrevocably guarantees to Landlord, its successors and assigns, the full and prompt payment and performance by Debtor of all of Debtor's obligations and undertakings arising out of the Stipulation relating to the payment of the Balloon Payment, as such term is defined in the Stipulation.

1.      Guarantor hereby covenants and agrees to and with Landlord, its successors and assigns that if Debtor fails to comply with its obligations to pay the Balloon Payment as set forth in the Stipulation, Guarantor shall forthwith pay the full amount of such liability.

2.      This Guaranty is an absolute and unconditional guaranty of payment and of performance.  It shall be enforceable against Guarantor, Guarantor's successors and assigns, without the necessity for the commencement of any suit or proceedings on Landlord's part of any kind or nature whatsoever against Debtor, its successors or assigns, or other party, and without the necessity of any notice of non-payment, non-performance or non-observance or any notice of acceptance of this Guaranty or any other notice or demand to which Guarantor might otherwise be entitled, all of which Guarantor hereby expressly waives; and Guarantor hereby expressly agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall in no way be terminated, affected or impaired by reason of the assertion or the failure to assert by Landlord against Debtor, or Debtor's successors or assigns, of any of the rights or remedies reserved to Landlord pursuant to applicable law.  The liability of Guarantor is coextensive with that of Debtor.

NY1 26580572.2

3. Guarantor hereby waives notice of acceptance of this Guaranty and all other notices to which Guarantor may otherwise be entitled.

4. This Guaranty shall be construed and interpreted under the internal laws of the State of New York, without giving effect to its conflicts of laws provisions, with venue in any action to lie in the State, City and County of New York.

5. This Guaranty and/or any of the provisions hereof cannot be modified, waived or terminated unless such modification, waiver or termination is in writing, signed by the by the party to be charged.

6. Guarantor's obligations shall be binding upon Guarantor's successors and assigns and shall inure to Landlord's benefit and to the benefit of any successor in interest to Landlord.

7. To the extent permitted by law, Guarantor waives trial by jury in any action, proceeding or counterclaim in any way involving or connected with this Guaranty.

8. This Guaranty, as it relates to Rubio, shall be subject to the approval of the United States Bankruptcy Court, Eastern District Of New York. As to Annona, this Guaranty shall be binding upon execution of same.

[signature page to follow]

NY1 26580572.2

**IN WITNESS WHEREOF**, the undersigned has executed this Guaranty as of the date first above.

_____
Name: Richard Rubio
SS #: _____

TUSCAN SUN RISTORANTE, INC.,
a New York Corporation d/b/a/ Annona

By: _____
Name: _____
Title:_____

State of New _____ )
                            ) ss.:
County of      _____ )

On the _____ day of August, 2009, before me personally came Richard Rubio, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

State of New _____ )
                            ) ss.:
County of      _____ )

On the _____ day of August, 2009, before me personally came _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**EXHIBIT B**

## UCC FINANCING STATEMENT
FOLLOW  INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

```
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Attention: Jerry A. Montag, Esq.
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Tuscan Sun Ristorante Inc. | | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 112 Old Riverhead Road | Westhampton Beach | NY | 11978 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | Corp. | New York | | ☒ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Westhampton Beach Holding, LLC | | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| C/O Sam Domb  Travel Inn Hotel,  515 West 42nd St | New York | NY | 10036 | USA |

**4.** This FINANCING STATEMENT covers the following collateral:

See Schedule A attached hereto and made a part hereof

112 Old Riverhead Road, Westhampton Beach, New York,
Block 0002, Lot 004004, in the County of Suffolk, State of New York

To be recorded with the Clerk of Suffolk County, New York.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum  [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]  [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
(65130.12)

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)
NYUCC1PNAT - 12/10/2002 C T System Online

# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

| | |
|---|---|
| 9a. ORGANIZATION'S NAME | |
| **OR** TUSCAN SUN RISTORANTE INC. | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 11a. ORGANIZATION'S NAME | | | |
| **OR** 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

12. ☐ ADDITIONAL SECURED PARTY'S  or  ☐ ASSIGNOR S/P'S  NAME - insert only one name (12a or 12b)

| | | | |
|---|---|---|---|
| 12a. ORGANIZATION'S NAME | | | |
| **OR** 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☒ fixture filing.

14. Description of real estate:

See Schedule A attached hereto and made a part hereof

112 Old Riverhead Road, Westhampton Beach, New York,  Block 0002, Lot 004004, in the County of Suffolk, State of New York

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check only if applicable and check only one box.

Debtor is a ☐ Trust  or  ☐ Trustee acting with respect to property held in trust  or  ☐ Decedent's Estate

18. Check only if applicable and check only one box.

☐ Debtor is a TRANSMITTING UTILITY

☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years

☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

NYUCC1AD - 10/07/02 C T System Online

## SCHEDULE A TO UCC-1 FINANCING STATEMENT

All fixtures, chattels and articles of personal property, tangible and intangible, now or hereafter attached to or used in connection with certain real property knows as the Annona Restaurant located at 112 Old Riverhead Road, Westhampton Beach, New York, and identified as Block 0002, Lot 004004, in the County of Suffolk, State of New York (the "Property"):

(1)    All improvements and structures and any alterations thereto or replacements thereof, now or hereafter erected upon the Property, all fixtures, fittings, appliances, apparatus, machinery, materials and replacements thereof, now or at any time hereafter affixed to, attached to, placed upon or used in any way in connection with the use, enjoyment, occupancy or operation of the Property or such improvements or structures, including, without limitation, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, washtubs, sinks, gas and electric fixtures, stoves, ranges, ovens, disposals, dishwashers, hood and fan combinations, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, kitchen and restaurant equipment, laundry equipment, plants and shrubbery and all other furniture, furnishings, equipment and machinery, appliances, fittings and fixtures of every nature whatsoever now or hereafter owned or acquired by the Debtor and located in or on, or attached to, and used or intended to be used in connection with or with the operation of, the Property, structures or improvements, and all extensions, additions, improvements, betterments, renewals, substitutions and replacements to any of the foregoing now or at any time hereafter placed upon, located in or used in any way in connection with the use, enjoyment, occupancy and operation of the Premises (collectively, the "Improvements" and, together with the Property, the "Premises");

(2)    Debtor's interest in any and all agreements, contracts, certificates, licenses, permits, approvals, instruments and other documents, now or hereafter entered into pertaining to the construction, reconstruction, operation or management of the Premises or any part thereof and all right, title and interest of the Debtor therein and thereunder; and

(3)    Debtor's interest in the franchises, permits, licenses and rights therein and thereto respecting the use, occupation and operation of the Premises and respecting any business or activity conducted on or in the Premises, including, to the extent permitted by law, the name or names, if any, now or hereafter used for the Premises, and the good will associated therewith.

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**SEYFARTH SHAW LLP**
**620 Eighth Avenue**
**New York, New York 10018**
**Attention: Jerry A. Montag, Esq.**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Tuscan Sun Ristorante Inc. | | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 112 Old Riverhead Road | Westhampton Beach | NY | 11978 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | Corp. | New York | | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Westhampton Beach Holding, LLC | | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| C/O Sam Domb Travel Inn Hotel, 515 West 42nd St | New York | NY | 10036 | USA |

4. This FINANCING STATEMENT covers the following collateral:

See Schedule A attached hereto and made a part hereof

112 Old Riverhead Road, Westhampton Beach, New York,
Block 0002, Lot 004004, in the County of Suffolk, State of New York

To be recorded with the Secretary of State of the State of New York.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

(65130.12)

## SCHEDULE A TO UCC-1 FINANCING STATEMENT

All fixtures, chattels and articles of personal property, tangible and intangible, now or hereafter attached to or used in connection with certain real property knows as the Annona Restaurant located at 112 Old Riverhead Road, Westhampton Beach, New York, and identified as Block 0002, Lot 004004, in the County of Suffolk, State of New York (the "Property"):

(1)     All improvements and structures and any alterations thereto or replacements thereof, now or hereafter erected upon the Property, all fixtures, fittings, appliances, apparatus, machinery, materials and replacements thereof, now or at any time hereafter affixed to, attached to, placed upon or used in any way in connection with the use, enjoyment, occupancy or operation of the Property or such improvements or structures, including, without limitation, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, washtubs, sinks, gas and electric fixtures, stoves, ranges, ovens, disposals, dishwashers, hood and fan combinations, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, kitchen and restaurant equipment, laundry equipment, plants and shrubbery and all other furniture, furnishings, equipment and machinery, appliances, fittings and fixtures of every nature whatsoever now or hereafter owned or acquired by the Debtor and located in or on, or attached to, and used or intended to be used in connection with or with the operation of, the Property, structures or improvements, and all extensions, additions, improvements, betterments, renewals, substitutions and replacements to any of the foregoing now or at any time hereafter placed upon, located in or used in any way in connection with the use, enjoyment, occupancy and operation of the Premises (collectively, the "Improvements" and, together with the Property, the "Premises");

(2)     Debtor's interest in any and all agreements, contracts, certificates, licenses, permits, approvals, instruments and other documents, now or hereafter entered into pertaining to the construction, reconstruction, operation or management of the Premises or any part thereof and all right, title and interest of the Debtor therein and thereunder; and

(3)     Debtor's interest in the franchises, permits, licenses and rights therein and thereto respecting the use, occupation and operation of the Premises and respecting any business or activity conducted on or in the Premises, including, to the extent permitted by law, the name or names, if any, now or hereafter used for the Premises, and the good will associated therewith.

**McBREEN & KOPKO**
500 North Broadway, Suite 129
Jericho, New York 11753
Tel: (516) 364-1095
Fax: (516) 364-0612
11-3540090

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

**Westhampton Classic Cars d/b/a Manhattan
Motorcars of the Hamptons,**

                                    **Debtor.**

-------------------------------------------------------X

**Chapter 11**
**Case No.: 09-73009-ast**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NASSAU    )

JENNIFER WALSH, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside in Merrick, New York.

On August 6, 2009, I served the within Application for Approval of Stipulation Resolving Motion to Vacate Stay and to Compel Post-Petition Rent upon the following parties at their respective addresses listed below, by overnight mail.

_____
Jennifer Walsh

Sworn to before me this
6th day of August, 2009

_____
Notary Public

TAMMY L. CARD
Notary Public, State of New York
No. 01CA6146927
Qualified in Nassau County
Commission Expires May 30, 20 _10_

## SEE ANNEXED SERVICE LIST

**SERVICE LIST**

Alfred M. Dimino, Esq.
Office of the United States Trustee
560 Federal Plaza
Central Islip, New York 11722

Jerry A. Montag, Esq.
Seyfarth Shaw, LLP
Attorneys for Westhampton Beach Holding, LLC
620 8th Avenue
New York, New York 10018

Peter Corey, Esq.
Macco & Stern, LLP
135 Pinelawn Road
Suite 120 South
Melville, NY  11747

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
Chapter 11                                                     Case No.: 09-73009-ast

===================================================================

In Re:


Westhampton Classic Cars d/b/a Manhattan
Motorcars of the Hamptons,

                                                                      Debtor.


===================================================================


**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER RESOLVING MOTION OF
WESTHAMPTON BEACH HOLDING, LLC TO VACATE THE AUTOMATIC STAY AND
TO COMPEL PAYMENT OF POST-PETITION RENT**


===================================================================




===================================================================


**McBREEN & KOPKO**
Attorneys for Debtor and Debtor-In-Possession
500 North Broadway, Suite 129
Jericho, New York 11753
Tel: (516) 364-1095


===================================================================