UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:   Chapter 11
　　　　 Case No :    09-73009-ast

Westhampton Classic Cars d//b/a Manhattan
Motorcars of the Hamptons,
　　　　　　　　　　　Debtor.
_____

### OBJECTIONS TO APPLICATION OF DEBTOR FOR APPROVAL OF STIPULATION RESOLVING MOTION TO VACATE STAY AND COMPEL POST-PETITION RENT

Bank of Smithtown, by its attorney Jeffrey B. Hulse, Esq., alleges as follows:

1. The Bank of Smithtown is a creditor in the bankruptcy proceeding of Richard and Eileen Rubio (09-75163-ast) and a scheduled creditor in this bankruptcy proceeding.

2. Bank of Smithtown believes that certain aspects of the proposed settlement herein are unduly prejudicial to the unsecured creditors of Richard Rubio as well as the creditors of this estate.

3. Richard Rubio is an entrepreneur/businessman who has been engaged over the years in high end automotive sales & repairs as well as the establishment and operation of an exclusive gourmet restaurant in Westhampton Beach, New York.  Among his ventures is a high end automotive dealership which sells imported automobiles known as Westhampton Classic Cars (the Debtor herein) and an upscale Italian restaurant called Annona, both of which operate out of the premises which are the subject of this application, 112 Old Riverhead Road, Westhampton Beach, New York.

4. Richard Rubio is the owner of the Debtor. Bank of Smithtown also believes that Richard Rubio is the true owner of the entity identified herein as Tuscan Sun Ristorante, Inc. d/b/a Annona and has Noticed an Order for presentment in the Rubio bankruptcy to secure an Order to permit that ownership to be investigated through a 2004 examination.

5. The proposed stipulation before this Court provides, among other things, for a "Balloon Payment" which appears to be defined as the payment of $40,000 to be paid on or before October 31, 2009. (See Stipulation, ¶ 2).

6. Although this Balloon Payment is an obligation of this Debtor, the stipulation requires that its payment be guaranteed by Richard Rubio and Annona. (See Stipulation, ¶ 3).

7. Enforcement of this Guaranty is to be secured by the assets of Annona, assets which Bank of Smithtown maintains are more properly assets of the Rubio estate.

8. In the event of a default under this stipulation, paragraph "8" of the Stipulation permits the Landlord to enforce the guaranty by selling all of Annona's assets pursuant to a security interest to be created.

9. In the event of a default, Paragraph "7" of the Stipulation also permits the Landlord to seize all assets of the Debtor which remain on the premises and to treat them as abandoned, ie, the property of the Landlord.

10. Taken together, these provisions permit the Landlord to advance its position ahead of all other unsecured creditors by simply seizing property of the estate of this Debtor and to sell off all of Annona's assets to effectuate payment of the Balloon Payment. Put another way, all assets of the auto dealership and the restaurant may be seized or sold by the Landlord in the event of a default.

11. It is noteworthy that the application before this Court does not identify any possible source of funding needed to accomplish the goals of this stipulation. That is, to (1) complete the series of payments, (2) pay Sam Domb $1,300,000 dollars, and (3) to obtain the consent of HSBC to release Sam Domb from what appears to be an obligation in excess of $6,000,000 dollars. The failure of any of these events will be a default.

12. As presented, it appears more likely that a default in the stipulation will occur than not. Assets which should properly be utilized to pay unsecured creditors are being improperly diverted to this landlord.

13. It is respectfully submitted that if this stipulation is to be approved, paragraphs "3", "7", "8" and "9" should be deleted.

14. Considering the fact that the date for full performance is little more than 10 weeks away in any event, these additional provisions which only serve to prejudice other creditors are unnecessary and should not be approved.

**WHEREFORE**, the creditor Bank of Smithtown respectfully requests that this Court deny the application unless the parties are willing to delete the provisions contained within paragraphs "3", "7", "8" and "9" of the proposed stimulation.

Dated: Sound Beach, New York
   August 21, 2009

                 *S/ Jeffrey B. Hulse, Esq.*
                 JEFFREY B. HULSE, ESQ. (JH2095)
                 Attorney for Bank of Smithtown
                 295 North Country Road
                 Sound Beach, New York 11789
                 (631) 821-3667

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                    Chapter 11
                                          Case No :    09-73009-ast
Westhampton Classic Cars d/b/a Manhattan
Motorcars of the Hamptons,

                    Debtor.

_____

PROOF OF SERVICE

      On August 21, 2009, the undersigned served the following within Objections by placing same in an envelope containing a copy of the documents, addressed to the following persons by first class mail, postage prepaid, in a United States mailbox at Miller Place, New York:

McBreen & Kopko
Kenneth A. Reynolds, Esq.
500 North Broadway, Suite 129
Jericho, New York 11753

Alfred M. Dimino, Esq.
Office of the United States Trustee
560 Federal Plaza
Central Islip, New York 11722

Macco & Stern LLP
Peter Corey, Esq.
135 Pinelawn Road
Suite 120 South
Melville, New York 11747

Jerry A. Montag, Esq.
Seyfarth Shaw, LLP
620 8th Avenue
New York, New York 10018

      Dated: Sound Beach, New York
           August 21, 2009

                                      *s/ Jeffrey B. Hulse, Esq.*
                                      JEFFREY B. HULSE, ESQ., Declarant

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                    Chapter 11
                                          Case No :    09-73009-ast

Westhampton Classic Cars d/b/a Manhattan
Motorcars of the Hamptons,

                Debtor.

_____


**OBJECTIONS ON BEHALF OF BANK OF SMITHTOWN TO PROPOSED ORDER
APPROVING STIPULATION OF SETTLEMENT**


JEFFREY B. HULSE, ESQ.
Attorney for Bank of Smithtown
295 North Country Road
Sound Beach, New York 11789
tel (631) 821-3667
fax (631) 821-3669
jeffreyhulse@verizon.net