UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:  Chapter 11

WESTHAMPTON COACHWORKS, LTD.,  Case No. 09-73009-ast

            Debtor.

---

## LIMITED OBJECTION OF
## HSBC REALTY CREDIT CORPORATION (USA) TO NOTICE
## OF PRESENTMENT OF STIPULATION AND ORDER RESOLVING
## MOTION OF WESTHAMPTON BEACH HOLDING, LLC TO VACATE THE
## AUTOMATIC STAY AND TO COMPEL PAYMENT OF POST-PETITION RENT

HSBC Realty Credit Corporation (USA) ("HSBC"), by its counsel, Anne M. Peterson, files this limited objection ("Objection") to the Notice of Presentment of Stipulation and Order Resolving Motion of Westhampton Beach Holding, LLC to Vacate the Automatic Stay and to Compel Payment of Post-Petition Rent dated August 6, 2009, Application Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Approval of Stipulation Resolving Motion to Vacate Stay and to Compel Post-Petition Rent dated of even date therewith, together with all exhibits thereto (collectively, "Stipulation") (Docket No. 39). In support of the Objection, HSBC respectfully states as follows:

    1.    On April 29, 2009, Westhampton Classic Cars d/b/a Manhattan Motorcars of the Hamptons ("Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

    2.    On August 6, 2009, the Debtor filed the Stipulation, but neither the Debtor nor the counterparty to the Stipulation, Sam Domb ("Domb"), provided HSBC any notice of the proposed settlement which includes the assumption by the Debtor or others of HSBC's loans

(described in the Stipulation) and releases of Domb's guarantee obligations to HSBC in connection with the loans.

3. The current principal amount due HSBC on the loans to Westhampton Beach Holding, LLC ("Borrower" or "Mortgagor") is $5,729,055.16, plus interest, costs, charges, fees and expenses, as applicable ("Indebtedness").

4. The Indebtedness is secured by, among other things, guarantees from Domb dated March 8, 2005 and July 19, 2005, and any subsequent guarantees or reaffirmations of guarantees given by Domb (collectively, "Guarantees") and by mortgages given by Mortgagor to HSBC, including by that certain Consolidation, Modification and Extension Agreement dated December 19, 2005 and recorded in the Suffolk County Clerk Records' Office on April 10, 2006 at Liber M00021275, page 511, which mortgage constitutes a lien on the property located at 112 Old Riverhead Road, Westhampton Beach, NY 11978 ("Mortgage").  Paragraph 30 of the Mortgage provides, in pertinent part,

> The Mortgagor hereby covenants and agrees that the commitment issued to Mortgagor by the Mortgagee for the Loan on the Mortgaged Property was predicated on the continuation of the present ownership and management of the said premises, the same being a material inducement to the Mortgagee in the granting of the Loan and the Mortgagor agrees that the Mortgagee shall have the right and is hereby granted the right to call for the immediate payment of the entire mortgage indebtedness, together with interest thereon and together with all other sums secured hereby, in the event that the Mortgaged Property shall cease, without the Mortgagee's prior written consent, to be owned and managed by the present owners, and/or … the Mortgagor is directly or indirectly transferred, conveyed, assigned, … whether by deed, assignment, lease, transfer of stocks, … transfer of any partnership or limited liability company member interest …, without the mortgagee's prior written consent. Mortgage, ¶ 30.

5. Neither the Debtor, the Mortgagor, nor Domb have requested the consent required under Paragraph 30 of the Mortgage to enter into the Stipulation, transfer Domb's ownership interest in the Borrower or for the Debtor's assumption of the Indebtedness or the release Domb from his Guarantees.  HSBC has no present intention of providing such required consent.

Further, HSBC is unwilling presently to release Domb's Guarantees and has been given no information to even consider, analyze or approve any such action. Therefore, HSBC objects to the Court's entry of an order approving the Stipulation since without HSBC's prior written consent and willingness to enter into the transactions agreed to by the Debtor, Domb and others (except HSBC), the Debtor has already failed to comply with the settlement terms and conditions.

**WHEREFORE,** for all of the foregoing reasons, HSBC respectfully requests that the Court refrain from entering an order approving the Stipulation and for such further and other relief as the Court deems appropriate.

Dated: August 21, 2009

HSBC REALTY CREDIT CORPORATION (USA)

By s/ Anne M. Peterson
    Anne M. Peterson (AP8353)
    Office of General Counsel
    Attorney for HSBC Bank USA,
      National Association
    One HSBC Center - 27th Floor
    Buffalo, New York 14203
    Telephone: (716) 841-1597
    Facsimile: (212) 642-3072
    E-mail: anne.m.peterson@us.hsbc.com