UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re:

WESTHAMPTON CLASSIC CARS, LLC.,

                              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 8-09-73009 (AST)
Chapter 11

**AMENDED STIPULATION AND ORDER
RESOLVING MOTION OF WESTHAMPTON
BEACH HOLDING, LLC TO VACATE THE
AUTOMATIC STAY AND TO COMPEL
PAYMENT OF POST-PETITION RENT**

WHEREAS, on or about May 27, 2009, Westhampton Beach Holding, LLC, the landlord ("Landlord") of the subject premises located at 112 Old Riverhead Road, Westhampton Beach, New York  (the " Premises")  filed a Motion to Vacate the Automatic Stay and to Compel Payment of Post-Petition Rent (the "Motion"); and

WHEREAS, on or about June 19, 2009, Westhampton Classic Cars, debtor and debtor-in-possession (the "Debtor") filed a Statement In Opposition to the Motion; and

WHEREAS, the Debtor has defaulted in the payment of post-petition use and occupancy charges due to Landlord; and

WHEREAS, the parties wish to avoid the cost and expense of litigation in the Bankruptcy Court and in the District Court, and on July 29, 2009, the parties and counsel conferred and agreed to resolve the Motion pursuant to the following terms and conditions:

1.      Debtor acknowledges that it is in arrears in its payment of post-petition use and occupancy charges due to Landlord.  Landlord asserts that the post-petition use and occupancy charges exclusive of additional rent charges total the sum of $139,668.00 from May 1, 2009 through July 31, 2009 (the "Arrears").  Landlord further asserts, which assertion is disputed by the Debtor, that use and occupancy will continue to accrue at the rate of $46,556.00 per month exclusive of additional rent charges.

2.      The Debtor agrees to pay and Landlord agrees to accept as payment in full of

post- petition rent, exclusive of additional rent charges, the following post-petition payments: on

or before August 1, 2009, $35,000; on or before September 1, 2009, $35,000; on or before

October 1, 2009, $40,000 and on or before October 31, 2009, $40,000 (the "Balloon Payment"),

TIME BEING OF THE ESSENCE.  In the event of a material default in the terms hereof by the

Debtor, and a failure to cure within (1) one business day of notice of default to the Debtor's

undersigned counsel by e mail, the full base rent amounts alleged by Landlord to be $46,556.00

per month shall be reinstated and shall become immediately due and payable.  Additionally

Landlord shall be free to exercise its rights under paragraph 5 below.

3.      On or before October 31, 2009, the Debtor will cause the following to occur:

   (a)    Payment of $1.3 million to Landlord's principal Sam Domb in exchange
          for 100% interest in the Landlord, Westhampton Beach Holding LLC,

   (b)    Assumption of HSBC Mortgages as defined below[1] by the Debtor  and/or
          third parties,

   (c)    Release of Sam Domb from personal guarantees (as defined below) issued
          to HSBC Bank in connection with the HSBC Mortgages, and

   (d)    Release of all claims related to Landlord's acquisition and/or ownership of
          the Premises held by the Debtor, Rubio and/or any affiliate or related
          entity or person and their respective successors and assigns against Sam
          Domb, Landlord, and their agents.

4.      In the event that the Debtor fails to timely comply with any of the conditions set

forth in paragraphs 2 and 3 above, the automatic stay, pursuant to Section 362 of the Bankruptcy

---

[1] The HSBC Mortgages consist of (i) Consolidation, Modification and Extension Agreement, dated March 8, 2005, by and between Landlord as mortgagor and HSBC Bank as mortgagee as evidenced by the Gap Mortgage Note in the sum of $3,500.000, dated March 8, 2005, by and between Landlord as mortgagor and HSBC Bank as mortgagee and guaranteed by Sam Domb pursuant to a Guarantee, dated March 8, 2005, executed by Sam Domb in favor of HSBC; (ii) Mortgage, dated July 19, 2005, by and between Landlord as mortgagor and HSBC Bank as mortgagee in the sum of $1,000,000, guaranteed by Sam Domb pursuant to a Guarantee, dated July 19, 2005, executed by Sam Domb in favor of HSBC Bank; and (iii) Consolidation, Modification and Extension Agreement, dated December 19, 2005 in the approximate sum of $1,503,000, by and between Landlord as mortgagor and HSBC Bank as mortgagee.

Code, shall be immediately vacated, terminated and annulled. Within three (3) business days thereof, Debtor shall voluntarily vacate and surrender possession of the Premises to Landlord free and clear of the occupancy of Debtor, Subtenant and/or any other party in possession of the Premises. Upon such surrender, Debtor is surrendering any and all right, interest and title in the subject lease, and waiving any right to reclaim and/or redeem possession of the Premises after such vacatur. Landlord shall not be required to prosecute any proceeding or contested matter in this Court or any other court to obtain possession of the Premises. Landlord shall be free to seek immediate relief in this Court to obtain vacant possession of the Premises.

5. The terms "Vacate and Surrender" shall be defined as: (a) surrendering the keys to the Premises to Landlord; (b) removing all property which is not a fixture or permanently affixed to the Premises; and (c) leaving the Premises in broom clean condition.

6. Any property of Debtor or its estate remaining on the Premises following Debtor's surrender of possession of same to Landlord and/or Landlord's lawful recovery of possession of same, is deemed abandoned by Debtor, and may be disposed of at Landlord's discretion and at Debtor's sole cost and expense, without notice.

7. This Stipulation/Order is without prejudice in the event of a default by the Debtor of the terms hereof to Landlord's right to file a claim in the within proceeding, pursuant to law, for an amount including, but not limited to, the Arrears, and in all respects without prejudice to Landlord's claim for pre-petition charges and additional rent charges due under the Lease.

8. All payments made by Debtor pursuant to this Stipulation/Order shall be by certified, bank check or money order, made payable to Landlord, and delivered or sent so as to be received by the due date.

3

9.      Counsel for Debtor and counsel for Landlord acknowledge and represent that each are authorized by their respective clients to execute this Stipulation.

10.     This Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their successors, assigns, transferees and heirs.

11.     This Stipulation constitutes the complete agreement of the parties and shall not be amended or modified except in a writing signed by the party to be charged and approved by the Bankruptcy Court.

12.     Nothing in the Stipulation is intended and should not be deemed to constitute acceptance and approval of the terms set forth herein by HSBC.  As such, HSBC is not obligated to consent to or approve the terms provided in the Stipulation or any request by the parties for such consent or approval.

13.     The Bankruptcy Court shall have continuing jurisdiction to enforce this Stipulation and to determine any disputes arising hereunder or related hereto, and all parties consent to such jurisdiction.

NY1 26585702.3

14.     This Stipulation is subject to approval by this Court.


Dated: New York, New York
       September 18, 2009


SEYFARTH SHAW LLP


By:    s/ Robert W. Dremluk
       Robert W. Dremluk, Esq.
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Westhampton Beach Holding, LLC*


McBREEN & KOPKO


By:    s/ Kenneth A. Reynolds
       Kenneth A. Reynolds, Esq.
500 North Broadway
Suite 129
Jericho, New York 11783
(516) 364-1095

*Attorneys for the Debtor*


MACCO & STERN, LLP


By:    s/ Peter Corey
       Peter Corey, Esq.
135 Pinelawn Road
Suite 120 South
Melville, New York 11747
(631) 479-2869

*Attorneys for Richard Rubio*

NY1 26585702.3

APPROVED AS TO FORM ONLY

HSBC BANK US, NATIONAL ASSOCIATION

By:   s/ Anne M. Peterson
    Anne M. Peterson, Esq.
    Senior Counsel
1 HSBC Center, 27th Floor
Buffalo, New York 14203
(716) 841-1597

BANK OF SMITHTOWN

By:   s/ Jeffrey B. Hulse
    Jeffrey B. Hulse, Esq.
295 North Country Road
Sound Beach, New York 11789
(631) 821-3667



**Dated: September 21, 2009**
**Central Islip, New York**

          **Alan S. Trust**
**United States Bankruptcy Judge**

6